IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDERICK M. TORRENCE,<br>    Plaintiff<br><br>v.<br><br>SHELLY LEE THOMPSON, et al.,<br>    Defendants. | C.A. No. 10-67 Erie<br><br>District Judge Cohill<br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that Defendants' motion to dismiss, or in the alternative, for summary judgement [Document # 11] be granted. It is also recommended that in light of the recommendation to dismiss the case, Plaintiff's motion for temporary restraining order [Document # 31] should be dismissed as well. The Clerk of Courts should be directed to close this case.

**II.    REPORT**

    **Motion To Dismiss Or For Summary Judgment**

        **A.    Relevant History**

Plaintiff, acting *pro se*, originally brought this civil rights action against Defendants Shelly Lee Thompson, Records Supervisor at SCI-Forest; Jeffrey Beard, Secretary of the Department of Corrections (DOC), Raymond Sobina, former Superintendent of SCI-Forest; Vicki Sabella; Carrie Everett; Susan Satterlee; Deb Woodard; C. Kennedy; and Paula Toski. Plaintiff seeks declaratory, injunctive, and monetary relief. Document #9. Generally, Plaintiff alleges that Defendants Beard, Sobina, and Thompson conspired in various ways to extend his maximum sentence, and that Defendants Sabella, Everett, Satterlee, Woodard, Kennedy, and Toski violated Plaintiff's right to access the courts. Id.

1

Defendants have filed a motion to dismiss or for summary judgment [Document #11] and a brief in support [Document #12]. Plaintiff has filed objections to the pending motion [Document #29]. The issues are fully briefed and this motion is ripe for disposition.

### B. Standards of Review

#### 1) *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("[P]etition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance.'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997) overruled on other grounds by Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

#### 2) Motion to dismiss pursuant to Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S.

544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit has expounded on the *Twombly/Iqbal/Phillips* line of cases:

> To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct."
>
> * * *
>
> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for**

3

> **relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to "show" such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" This "plausibility" requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009)(emphasis added)(citations omitted).

### 3) Motion for summary judgment

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Co., 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner & Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation

4

continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e. depositions, answers to interrogatories, and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegations or suspicions." Firemen's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

### C. Defendant's motion to dismiss or for summary judgment

Defendants argue that this action should be dismissed in its entirety due to Plaintiff's failure to exhaust his administrative remedies in accordance with the requirements of the Prison Litigation Reform Act. See Document #12 at 14.

#### 1) The Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title... by a prisoner confined in any jail, prisons, or other correctional Facility until such *administrative remedies as are available* are exhausted.

Id. (italics added).

The Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 516 (2002). Exhaustion of administrative remedies in §1997e(a) cases is mandatory and no case shall be brought until the inmate-plaintiff has done so. See Booth v. Churner, 206 F.3d 289, 300 (3d Cir. 2000), aff'd 532 U.S. 731, 739 (2001); Ahmed v. Dragovich, 927 F.3d 201, 204-205 (3d Cir. 2002)(exhaustion must occur *prior* to filing suit). Accordingly, "it is beyond the power of the court to excuse compliance with the exhaustion requirement." Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000).[1] However, because failure to exhaust is an affirmative defense, the plaintiff does not need to affirmatively plead exhaustion and it is the burden of a defendant asserting the defense to plead and prove it. Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002).

The PLRA requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines. Woodford v. Ngo, 548 U.S. 81, 87-91 (2006)("Proper exhaustion demands compliance with agency deadlines and other critical procedural rules..."). Therefore, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective... appeal." Id. at 2382. See also Spruill v. Gillis, 372 F.3d 218, 228-229 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion)("Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated

---

[1] A plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000)("... [W]e agree with the clear majority of courts that §1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.")

objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits.").

### 2) The Administrative Process Available to State Inmates

No analysis of exhaustion may be made absent an understanding of the administrative process available to state inmates. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhuast.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 594 U.S. 199, 218 (2007).

The DC-ADM 804 grievance system available to state prisoners consists of three separate stages. First, the prisoner is required to timely submit a written grievance for review by the facility manager or the regional grievance coordinator within fifteen days of the incident; the manager/coordinator then responds in writing within ten business days. Second, the inmate must timely submit a written appeal to intermediate review within ten working days, and again the inmate receives a response within ten working days. Finally, the inmate must submit a timely appeal to the Central Office Review Committee within fifteen working days, and the inmate will receive a final determination in writing within thirty days. See Booth v. Churner, 206 F.3d 289, 293 n.2 (3d Cir. 1997), aff'd. 532 U.S. 731 (2001).

### 3) Exhaustion Applied

Defendants have provided evidence that Plaintiff has not exhausted his administrative remedies as to any of the issues involved in this case. Document #11-1, Ex. 1, Affidavit of Dorina Varner. Since his arrival at SCI-Forest, Plaintiff has never properly exhausted a grievance in accordance with the directives of DC-ADM 804. Id. at ¶10. According to

7

Plaintiff's letter to the Chief Grievance Officer on April 10th, 2008, the claims in Plaintiff's complaint were raised in Grievance #219730. Document #11-1, Ex. A to Ex. 1 at 7. However, Plaintiff's appeal of this grievance was filed without the submission of required documentation including: (1) the initial grievance, signed and dated (2) the initial review response/rejection by the Grievance Officer and (3) the Facility Manager's decision/response. Id. at 8.

In response to the request for the additional required documentation, Plaintiff wrote, "All of the documents your [sic] requested on 4-3-08 can be found on the D.O.C. computer. All the information can be tracked by the grievance number. I have exhausted my required steps.... I need my litimed (sic) funds to continue my present law suit against the D.O.C. and parole board." Id. at 7. In other words, Plaintiff deemed his administrative remedies exhausted without complying with the procedure to actually exhaust his grievance because he didn't want to spend his money copying the required documentation. Failure to submit "the requisite paperwork is considered to be a procedural default of the grievance process." Document #11-1, Affidavit of Dorina Varner at ¶8. Because Plaintiff expressly declined to submit the required documents, "the appeal was dismissed, and [Plaintiff] never properly appealed the grievance to final review in accordance with the dictates of DC-ADM 804." Id. at ¶11.

Additionally, in Plaintiff's opposition brief, Plaintiff alleges never receiving a response for a grievance made in February 2006 [Document #28, 5-6 at ¶7]. He claims that a former civil suit filed at Civil Action No. 07-331 Erie was dismissed for failure to exhaust in error because he never received a response to that 2006 grievance; in essence, that the failure to exhaust should have been excused. Plaintiff argues that the dismissal of that matter is relevant because had that lawsuit proceeded, this one might not have been filed. Id. at 6, ¶8. However, the basis for this argument – that Plaintiff never received a response from his February 2006 grievance – is untrue, as he well knows, since **Plaintiff** himself filed as exhibits to that action: (1) the log recording the denial of the grievance and (2) the Initial Review Response for that grievance. Document #48 of Civ. Action 07-331 Erie, Exh. Supp. Pl.'s Mot. Summ. J. 35, 39, 40. Therefore, any claims that he was thwarted in his exhaustion attempt in the previous case are

disingenuous at best, and a purposeful falsehood at worst, by his **own** evidence, and are, nonetheless, irrelevant to his exhaustion failure in this matter..

Plaintiff's failure to exhaust his administrative remedies in relation to his civil rights claims made in this case is fatal to his case.[2]

### Motion For Temporary Restraining Order

Because it is recommended that the entire action be dismissed for Plaintiff's failure to exhaust his administrative remedies, his motion for temporary restraining order should be dismissed since he will have no likelihood of success on the merits. The motion for this extraordinary relief fails in other respects as well.

#### A. Standing for Staff Witnesses

Plaintiff has also filed a motion for temporary restraining order on behalf of himself and other unnamed "staff witnesses" alleging they will continue "to suffer on-going irreparable harm and injury" because Plaintiff and his witnesses "fear the retaliation of the defendants and their supporters." [Document #31]. First, Plaintiff does not have standing to include these additional witnesses under the umbrella of a temporary restraining order. Only a person who "has such a right or interest in the subject matter of the litigation as will entitle him or her to the relief

---

[2] Additionally, Defendants assert that each of Plaintiff's claims fail individually in the following respects: (1) Plaintiff's claims in paragraph 20 of the Amended Complaint are barred by the statute of limitations. Id. at 4. (2) Claims relating to Plaintiff's sentence are barred by Preiser v. Rodriguez, 411 U.S. 475 (1973) and Heck v. Humphrey, 512 U.S. 477 (1994). Id. at 5-7. (3) Plaintiff has not stated an access to courts claim. Id. at 7-8. (4) Plaintiff has not stated a RICO claim. Id. at 8. (5) Plaintiff has not alleged that he was deprived of a liberty interest so as to trigger the procedural protections of the Fourteenth Amendment's Due Process Clause. Id. at 9-11. (6) Plaintiff's 8th Amendment claim fails for failure to state a claim, as being housed in the RHU in and of itself does not constitute cruel and unusual punishment. Id. at 11-12. (7) To the extent the Amended Complaint is attempting to bring state law tort claims, those claims must be dismissed pursuant to the protections of sovereign immunity. Id. at 12-13. These need not be addressed because Plaintiff has failed to exhaust his administrative remedies as required.

sought" may seek injunctive relief. 43A C.J.S *Injunction* §94. As these staff witnesses are not a party to the current suit, and have no personal interest in the eventual resolution of this case, Plaintiff does not have standing to include them in his motion for a temporary restraining order.

### B. Standard of Review

The four factors that must be shown for the issuance of a temporary restraining order are the same as those required to issue a preliminary injunction. Bieros v. Nicola, 857 F.Supp. 445, 446 (E.D.Pa. 1994). These factors are: "1) a likelihood of success on the merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the non-moving party; and 4) the public interest favors such relief." Bimbo Bakeries USA, Inc. v. Botticello, ___ F.3d ___, ___, 2010 WL 2902729 at 5 (3d Cir. July 27, 2010) quoting Miller v. Mitchell, 598 F. 3d 139, 147 (3d Cir. 2010). However, if the record does not at least support a finding of **both** irreparable injury and a likelihood of success on the merits, then preliminary injunctive relief cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987). A preliminary injunction and/or a temporary restraining order is "a drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed. Cir. 1993); see also Hoxworth v. Blinder, Robinson & Co., Inc., 903 F.2d 186, 189 (3d Cir. 1990).

### C. Irreparable Harm

Plaintiff claims he and "his staff witnesses fear the retaliation of the defendants and their supporters." [Document #31]. However, "...the *possibility* that intimidation may occur does not mean that it has occurred." Marxe, 833 F.3d at 1126 (emphasis in original). Thus, injunctive relief of speculative future harm does not meet the prong of irreparable harm.

### D. Likelihood of Success

In this case, Plaintiff has no likelihood of success on the merits of his underlying claims since he has not exhausted all administrative remedies as discussed in Part II. C. above. Accordingly, because Plaintiff has failed in the first two factors to be granted injunctive relief, the Court does not have to look at the other factors. <u>Marxe</u>, 833 F3d at

Plaintiff's motion for temporary restraining order should be dismissed in light of the recommendation to dismiss the entire action. In addition, because it does not satisfy the requirements for issuance of this extraordinary relief, it may be denied outright..

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss, or in the alternative, for summary judgment [Document #11] be granted. It is also recommended that the motion for temporary restraining order [Document #31] be dismissed. The Clerk of Courts should be directed to close this case.

In accordance with Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. <u>See</u> <u>Nara v. Frank</u>, 488 F.3d 187 (3d Cir. 2007).

S/ Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
United States Magistrate Judge

Dated: August 2, 2010